[Cite as *State v. Krick*, 2019-Ohio-4822.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                       Court of Appeals No. L-18-1249

        Appellee                             Trial Court No. CR0201802579

v.

Christopher Krick                             **DECISION AND JUDGMENT**

        Appellant                            Decided:  November 22, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

Autumn D. Adams, for appellant.

* * * * *

**MAYLE, P.J.**

## Introduction

{¶ 1} The defendant-appellant, Christopher Krick, appeals the November 2, 2018 judgment of the Lucas County Court of Common Pleas.  The trial court sentenced Krick to the maximum prison term of 18 months following his domestic violence conviction.

On appeal, Krick alleges that the trial court, in imposing the maximum sentence, failed to comply with the principles and purposes of felony sentencing set forth under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12. Finding no error, we affirm the lower court's judgment.

### Facts and Procedural History

{¶ 2} On August 24, 2018, Krick was indicted on one count of domestic violence, in violation of R.C. 2919.25(A) and (D)(4), a felony of the third degree (Count 1) and aggravated menacing, in violation of R.C. 2903.21(A) and (B), a misdemeanor of the first degree (Count 2).

{¶ 3} At the change-of-plea hearing on October 31, 2018, the parties agreed that Krick would plead no contest to an amended charge of attempted domestic violence, in violation of R.C. 2923.02 and 2919.25(A) and (D)(3), a felony of the fourth degree. In exchange, the state agreed to nolle prosequi the aggravated menacing charge.

{¶ 4} In its colloquy to the court, the state asserted that, had the matter proceeded to trial, it would have presented evidence to show that Krick severely beat his then-girlfriend, "J.R." According to the state, "[J.R.] * * * told officers that the Defendant hit her in the arms with a closed fist, strangled her until she almost blacked out and then stomped on her while she was laying on her stomach. * * * [S]he was nine months pregnant at the time with the Defendant's baby." The state also presented evidence of a previous conviction by Krick for felony domestic violence in Van Wert County.

2.

**{¶ 5}** Before accepting the plea, the court advised Krick of the rights he would be waiving, as set forth in Crim.R. 11, if he pled no contest. The court specifically advised Krick of his constitutional rights, the effect of his plea, and the maximum sentence that could be imposed. As to this last point, the court told Krick that he faced a mandatory prison term of between 6 and 18 months, up to 3 years of postrelease control, and a possible fine up to $5,000. After acknowledging the rights he was waiving, in open court and in writing, the trial court accepted Krick's no contest plea and found him guilty. The court sentenced him to serve 18 months in prison and up to 3 years of discretionary postrelease control. It did not impose a fine.

**{¶ 6}** Krick appealed and raises a single assignment of error for our review:

> Appellant's sentence should be vacated due to the Trial Court's failure to comply with the specific directives of ORC 2929.11 and 2929.12.

**Law and Analysis**

**{¶ 7}** Krick was convicted of attempting to commit domestic violence, a fourth-degree felony, in violation of R.C. 2919.25(A) and (D)(3). The statute, as effective during the relevant time period, provided that,

> (A) No person shall knowingly cause or attempt to cause physical harm to a family or household member. * * *

> (D)(3) Except as otherwise provided in division (D)(4) of this section, if the offender previously has pleaded guilty to or been convicted of domestic violence, * * * a violation of division (A) or (B) of this section

is a felony of the fourth degree, and, if the offender knew that the victim of the violation was pregnant at the time of the violation, the court shall impose a mandatory prison term on the offender pursuant to division (D)(6) of this section, * * *.[1]

{¶ 8} Under the facts of this case, the court was required to impose a minimum prison sentence of 6 months under R.C. 2919.25(D)(6)(a), and it was authorized to impose a sentence up to 18 months under R.C. 2929.14(A)(4) (The range of sentences that a trial court may impose for a fourth-degree felony "shall be a definite term of six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months.").

{¶ 9} We review sentencing challenges under R.C. 2953.08(G)(2). The statute allows an appellate court to increase, reduce, or otherwise modify a sentence or vacate the sentence and remand the matter for resentencing only if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

---

[1] A new version of R.C. 2919.25 took effect on March 22, 2019. The passage quoted above remains unchanged.

4.

(b) That the sentence is otherwise contrary to law. R.C.

2953.08(G)(2).

{¶ 10} A sentence is not clearly and convincingly contrary to law where the trial court has considered the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12, properly applied postrelease control, and imposed a sentence within the statutory range. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. *See also State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 15-16 (Noting that while R.C. 2953.08(G)(2) prohibits courts from applying the abuse of discretion standard, as set forth in *Kalish*, that *Kalish* "may still be utilized [for purposes of] determining whether a sentence is clearly and convincingly contrary to law."). If the appellate court finds that a sentence is not clearly and convincingly contrary to law, it may vacate or modify the sentence "only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23.

{¶ 11} Here, Krick does not challenge the trial court's compliance with the sentencing statutes identified in subsection (a) of R.C. 2953.08(G)(2), nor does he claim that the trial court misapplied postrelease control or imposed a sentence outside the statutory range for a fourth-degree felony under R.C. 2929.14(A)(4). Instead, Krick claims that the trial court failed to consider the principles and purposes of felony sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C.

5.

2929.12. He claims a desire to seek treatment for a long-standing alcohol problem and that "[s]pending the minimum time in prison, [i.e. 6 months], is the most effective way to rehabilitate [him] and protect the community from future crimes by [him]."

{¶ 12} R.C. 2929.11 explains that "[t]he overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." It instructs that "[t]o achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."

{¶ 13} R.C. 2929.12 provides discretion to the trial court "to determine the most effective way to comply with the purposes and principles of sentencing * * *." It requires that "[i]n exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) * * * relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) * * * relating to the likelihood of the offender's recidivism, and the factors set forth in division (F) * * * pertaining to the offender's service in the armed forces of the United States," in addition to any other factors relevant to achieving the purposes and principles of sentencing. R.C. 2929.12(A).

{¶ 14} In its November 2, 2018 judgment entry, the trial court expressly stated that it "considered the record, oral statements, any victim impact statement, as well as the

6.

principles and purposes of sentencing under R.C. 2929.11, balancing seriousness, recidivism and other relevant factors under R.C. 2929.12." Moreover, at the sentencing hearing, the court explained at length its rationale for imposing the maximum sentence. It is clear from this explanation that the court found it significant that (1) despite a long-standing alcohol problem, Krick had never before sought treatment; (2) Krick had an extensive criminal background that included 4 prior felony convictions (2 for domestic violence) and 28 misdemeanor convictions (3 for domestic violence); (3) Krick was currently "wanted" in the state of Georgia and Van Wert County, Ohio; (4) the court "question[ed] [Krick's] remorse;" and (5) Krick had shown himself to be an "extremely violent" person. The court elaborated,

> The fact that the victim was nine months pregnant when you did this to her makes this even more serious. You punched her repeatedly, but that's not all. You strangled her, causing her to almost lose consciousness, and the police noticed that there was petechial hemorrhaging from the strangulation that you inflicted on her.

> But that is not all. You had her on her stomach and you stomped on her repeatedly. You caused her serious physical harm and she is still suffering from that because she is suffering vision loss. You also caused serious emotional harm. And there is some indication that the baby may have suffered some physical injuries as well.

7.

{¶ 15} On appeal, Krick alleges that his "long history of domestic violence [and] * * * alcoholism * * * are tied [and that] he "never had the opportunity to go to treatment [because he] has always been sent straight [back] to prison" following his commission of more crimes.

{¶ 16} While Krick may suffer from substance abuse problems — a factor that the court may take into account under R.C. 2929.12(C)(4) in considering whether his conduct was "less serious than conduct normally constituting the offense" — the court's explanation demonstrates that it concluded that his conduct was "more serious than conduct normally constituting the offense" under R.C. 2929.12(B), which outweighed any immediate need for treatment.

{¶ 17} Krick also argues that the trial court "improperly weighed" the factors set forth in R.C. 2929.12 and that imposing the minimal sentence is "the only way" to effectively implement the principles and purposes of sentencing under R.C. 2929.11. In sentencing an offender, however, the trial court has discretion to determine the weight to assign to any particular statutory factor. *State v. Yeager*, 6th Dist. Sandusky No. S-15-025, 2016-Ohio-4759, ¶ 13. Merely because the trial court did not find Krick's stated reason, i.e., his need to treat his alcoholism, as a compelling reason to impose a lesser sentence does not render his sentence contrary to law. *Accord State v. Parks*, 6th Dist. Lucas No. L-18-1138, 2019-Ohio-2366, ¶ 23 (Rejecting argument that the court, in imposing the maximum sentence "held no regard to the addiction that [he] faces" in contravention of R.C. 2929.11(A)'s mandate to impose minimum sanctions.).

8.

{¶ 18} We, therefore, find Krick's single assignment of error not well-taken.

**Conclusion**

{¶ 19} We find Krick's assignment of error not well-taken. The court imposed the maximum sentence of 18 months in prison when it sentenced him, and it provided a lengthy rationale in support of its sentence. The court's rationale reflects that it considered the principles and purposes of sentencing and the seriousness and recidivism factors as it was required to do under R.C. 2929.11 and 2929.12. We, therefore, affirm the November 2, 2018 judgment of the Lucas Court of Common Pleas. Krick is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE
Thomas J. Osowik, J.

_____
JUDGE
Christine E. Mayle, P.J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.